IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 15-32019-SGJ11 |
| AMERICAN LIBERTY OIL COMPANY, | § | |
| LP | § | CHAPTER 11 |
| | § | |
| | § | **Final Hearing: September 1, 2015, at** |
| DEBTOR | § | **1:30 p.m.** |

**MOTION FOR RELIEF FROM AUTOMATIC STAY TO ALLOW PRE-PETITION LITIGATION TO PROCEED**

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE ST., ROOM 1254, DALLAS, TEXAS 75242-1496 OR AS THE COURT DIRECTS OR BEFORE CLOSE OF BUSINESS ON AUGUST 26, 2015, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COMES the JW GST Exempt Trust and James Y. Wynne (hereinafter "Movants"), parties-in-interest, and pursuant to 11 U.S.C. section 362(d)(1), files this *Motion for Relief From Automatic Stay to Allow Pre-Petition Litigation to Proceed*, and in support thereof would respectfully show the Court the following:

## I. FACTUAL BACKGROUND

1. In August, 2011, Movants filed a lawsuit in Kaufman County in the 86th Judicial District Court (the "Kaufman County Lawsuit") against Wreno S. Wynne ("Wreno") and William B. Wynne ("Ben") seeking a declaratory judgment regarding the validity of Wreno and Ben's interpretation of the governing documents of Debtor and its general partner, American Liberty Oil Company, LLC (the "LLC"). Movants also asserted claims for breach of the Members Agreement and Operating Agreement, breach of fiduciary duty, fraud, conspiracy and injunctive relief. In response, Wreno and Ben asserted various counterclaims. The disputed legal issues involving the construction and interpretation of the governing documents, as well as other legal issues asserted in the Kaufman County Lawsuit, are currently pending on appeal (the "Kaufman County Appeal")[1] and have been fully briefed by all parties.[2] However, by order of the Fifth District Court of Appeals dated May 13, 2015, the Kaufman County Appeal has been abated due to the filing of Debtor's bankruptcy.[3]

2. The outcome of the Kaufman County Appeal disposes of far more than mere money judgments. Rather, the appeal could be dispositive of ownership and control of the Debtor both prior to and during its bankruptcy proceeding. If the Court of Appeals rules that the erroneously allowed foreclosure on the alleged collateral securing the alleged debt of Movants is barred by the statute of limitations, then it must reverse the trial court's order foreclosing the Movants' interest in the Debtor. Such a reversal would determine who the proper party in interest is in administering

---

[1] The Kaufman County lawsuit is currently pending on appeal in the Fifth Court of Appeals, cause # 05-14-00565.
[2] A true and correct copy of Movants' file-marked Appellant's Brief filed in the Kaufman County Appeal is attached hereto as Exhibit "A." Additionally, a true and correct copy of Appellee's/Cross-Appellant's Brief filed in the Kaufman County Appeal is attached hereto as Exhibit "B." Movants request the Court take judicial notice of all pleadings and exhibits on file associated with the Kaufman County Appeal.
[3] A true and correct copy of the Order granting abatement is attached hereto as Exhibit "C." Movants request the Court take judicial notice of this Order.

the Debtor's chapter 11 reorganization efforts and also establish whether the LLC properly authorized Debtor to file bankruptcy.

3. Separate and apart from the Kaufman County Appeal, Wreno S. Wynn, Jr. ("Wes"), Erin Anne Wynne ("Erin"), and the estates of Ben and Wreno are involved in state court litigation and probate proceedings in the County Court at Law No. 2 in Henderson County, cause # 60-2013CL2 (the "Henderson County Probate Court Lawsuit"). The causes of action asserted in the Henderson County Probate Court Lawsuit arise from prepetition transactions and occurrences related to the ownership and management of the Debtor and the general partner LLC.[4] On May 4, 2014, the Debtor intervened in the Henderson County Probate Court Lawsuit and filed a plea in abatement, wherein Debtor argued that the case should be abated until the outcome of the Kaufman County Appeal was decided. The next day, on May 5, 2015, Wes and Erin filed cross-claims against the Debtor for money they lent to Debtor in reliance on their status as members of the LLC and as beneficiaries of trusts that are members of the Debtor. That same day, Debtor intervened as a defendant in the Henderson County Probate Court Lawsuit. Thereafter, on May 6, 2015, Debtor filed the instant Chapter 11 bankruptcy case, and three months after the filing of the bankruptcy petition, Debtor filed its Notice of Removal, removing the Henderson County Probate Court Lawsuit to federal court pursuant to 28 U.S.C. §§ 1334 and 1452.[5]

4. Although these disputed issues in the Henderson County Probate Court Lawsuit and appeal of the Kaufman County Appeal directly impact who has control and authorization to act on behalf of the LLC, the proceedings in both state court matters are currently stayed as a result of the Debtor filing bankruptcy. Without stay relief with respect to the two pending state court matters,

---

[4] The Henderson County Probate Court Lawsuit also seeks related injunctive and declaratory relief to prevent persons and entities (namely, Wes and Erin Wynne and/or trusts set up for their benefit) from managing the business of the Debtor.

the bankruptcy filing by Debtor effectively prevents the possibility of reversal of the Kaufman County Lawsuit judgment on appeal, puts on hold any determination of who has control over the Debtor, and prevents the adjudication of Movants' rights before any court of competent jurisdiction. Therefore, Movants are seeking relief from the automatic stay so that the Henderson County Probate Court Lawsuit and appeal associated with the Kaufman County Appeal may proceed.

### III. MOTION FOR RELIEF FROM STAY

#### A. Motion For Relief From Stay To Permit Actions To Proceed To Completion In Another Tribunal

5.  Pursuant to 11 U.S.C. § 362(d)(1), the Court may grant relief from stay "for cause." While "cause" is not defined in the Bankruptcy Code, the "legislative history does provide that a desire to permit an action to proceed to completion in another tribunal may provide . . . cause." *Mooney v. Gill*, 310 B.R. 543, 546 (N.D. Tex. 2002) (citation omitted). The Court must balance the "hardships of the parties and base a decision on whether to modify the automatic stay on the degree of the hardship involved and the goal of the Bankruptcy Code." *Id.* (citation omitted). "Cause is an inherently broad and flexible concept, made so in order to permit the courts to respond in equity to inherently fact-sensitive situations." *Id.* (citation omitted).

6.  For instance, a motion for relief was filed in the *Mooney* bankruptcy case so that underlying state court litigation pending in the Tarrant County Probate Court # 2 could proceed with respect to claims of mismanagement concerning trust assets. *Id.* at 546. The bankruptcy court determined that cause existed under 11 U.S.C. § 362(d)(1) for the court to grant relief from stay and allow the state court probate proceedings to continue. *Id.* On appeal, the bankruptcy court's decision to grant relief from the automatic stay so that the parties could continue their

---

[5] A true and correct copy of the Notice of Removal filed by Debtor in the Henderson County Probate Court Lawsuit is attached hereto as Exhibit "D." Movants request the Court take judicial notice of all pleadings and exhibits filed in the Henderson County Probate Court Lawsuit.

probate court litigation on various claims of trust mismanagement was affirmed by the District Court. *Id.* at 547-48.

7. Furthermore, in *In re Wilson*, 116 F.3d 87, 88 (3d Cir. 1997), prior to Wilson's bankruptcy, a civil complaint was filed by Baldino against Wilson in the Superior Court of New Jersey for malicious prosecution. The state court granted Wilson's motion for summary judgment, and an appeal was filed. The parties filed briefs on appeal and argument was scheduled for February 6, 1996. However, on September 7, 1995, Wilson filed for relief under Chapter 7 of the bankruptcy code, thereby automatically staying the appeal. A motion for relief from the stay was filed by Baldino, in order to proceed with the pending appeal in state court. The bankruptcy court denied the motion, and an appeal was filed with the district court, which adopted the reasoning of the bankruptcy court and affirmed the order denying the request for relief from the stay. Thereafter, an appeal of the District Court's decision was filed with the Third Circuit, which reversed the lower courts' denial of the motion for relief from stay, holding that:

> If the bankruptcy proceeding continues without modification of the stay, issue preclusion will prevent Baldino from challenging the effect of the state court judgment in the bankruptcy court. It is settled law that issue preclusion applies to bankruptcy proceedings. *Graham v. Internal Revenue Service (In re Graham)*, 973 F.2d 1089 (3d Cir.1992). If Baldino raises her claim for malicious prosecution in bankruptcy court, the state court's determination that Baldino did not show lack of probable cause will preclude her from relitigating this issue. Although Baldino's appeal is pending in state court, the state trial court's resolution of this issue is "final" for preclusion purposes.

*Id.* at 90.

8. The Court further held that the *Rooker-Feldman* doctrine dictated reversal of the order denying relief from stay, in that:

> The bankruptcy court is also prohibited from reviewing the state court's judgment by the Rooker–Feldman doctrine, which prohibits lower federal courts from sitting as effective courts of appeal for state court judgments. *See, e.g., D.C. Court*

> *of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S.Ct. 1303, 1311–12, 75 L.Ed.2d 206 (1983) (*citing Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923*)); Besing v. Hawthorne (In re Besing)*, 981 F.2d 1488, 1496 (5th Cir.1993) ('The Bankruptcy Code was not intended to give litigants a second chance to challenge a state court judgment nor did it intend for the Bankruptcy Court to serve as an appellate court [for state court proceedings]') (*quoting In re G & R Mfg. Co.*, 91 B.R. 991, 994 (Bankr.M.D.Fla.1988)). As demonstrated, Baldino cannot relitigate the adverse trial court judgment in bankruptcy court. If she is denied relief from the automatic stay, she will have no opportunity to challenge the adverse judgment before the bankruptcy proceedings are complete. If Baldino is not afforded an opportunity to pursue her appeal in state court, she will have no forum to litigate her cause. Accordingly, we believe it is necessary to lift the stay to permit prosecution of her appeal to the state appellate courts.

*Id*. Additionally, the Court noted that Baldino's claim "can be resolved more quickly in state court on appeal than in the bankruptcy proceedings, as the parties have already filed briefs on appeal." *Id.* At 91

9.    As dictated by *In re Wilson*, this Court may not decide the outcome of the Kaufman County Appeal and, thus, if the Movants' are denied relief from stay, they will have no opportunity to challenge the adverse judgment due to issue preclusion and the *Rooker-Feldman* doctrine. Therefore "cause" exists for lifting the automatic stay to allow the appeal to proceed.

10.   Moreover, if the pre-petition lawsuits are not allowed to proceed, then the hardship to the Movants is severe, i.e., their interests in the Debtor and non-debtor parties will be foreclosed without a final adjudication of their rights and, thereby, subvert due process of law. Simply put, there is no authority for Debtor to reorganize in Chapter 11 without final resolution of Debtor's equity which hinges on both the pending Kaufman County Appeal and the Henderson County Probate Court Lawsuit.

11.   On the other hand, the hardship to the Debtor is minimal. The Kaufman County Appeal has been fully briefed, and *if* oral argument is granted, the Debtor must merely prepare therefor and await a ruling. The rights of the Movants and the Debtor are determined by state law, not federal law or an interpretation of state law by federal courts. Therefore, allowing state

courts to determine those rights is not a hardship to the Debtor even if the Debtor is unsuccessful before the state tribunals.

12. If the Debtor's argument to the Kaufman County Appeal is unsuccessful, no assets of the estate will be depleted; rather, control over the Debtor's management may shift to parties other than Wes and Erin, and the Debtor will continue to manage its estate in the ordinary course of business. On the other hand, if the Movants are unable to prosecute these matters to completion, then their rights are *de facto* defunct without due process of law.

B. **Motion For Relief From Stay For Cause Pursuant to 11 U.S.C. § 362(d)(1)**

13. In addition to the foregoing, many courts have found a debtor's bad faith, or lack of good faith, to constitute "cause" for lifting the stay. *Little Creek Dev. Co.*, 779 F.2d at 1072 (collecting cases); *See also Mack*, 347 B.R. at 915. The Bankruptcy Code requires that debtors act in good faith in both the commencement and prosecution of bankruptcy proceedings, and good faith is an intrinsic component of the bankruptcy process. *Little Creek Dev. Co.*, 779 F.2d at 1071. The good faith requirement imposed on all debtors seeking the protection of the bankruptcy courts prevents abuse of the bankruptcy process and safeguards the integrity of the courts by only permitting those with clean hands to avail themselves of the Bankruptcy Code's "powerful equitable weapons." *Id*. at 1072. The automatic stay of 11 U.S.C. § 362(a) is one such weapon, because it prevents parties in interest from exercising their rights against a debtor or its property so that the debtor has time to reorganize and rehabilitate its finances.

14. This Debtor does not seek to reorganize and rehabilitate its finances. In fact, the sole purpose of this proceeding is to prevent the Movants from adjudicating their state court and contract rights in state court; matters that may not be, and should not be, decided by this Court.

15. For that reason, this case was filed in bad faith, as was the Debtor's removal of the Henderson County Probate Lawsuit (which is the subject of Movants' motion to abstain and

remand). Wes's actions in filing the current bankruptcy were done in bad faith to obtain an alternative forum for the pending legal disputes. As such, the Court should lift the stay on the basis of the Debtor's bad faith in forum shopping.

16. Similarly, it is disingenuous for the Debtor to both seek abatement of the Henderson County Probate Lawsuit until the outcome of the Kaufman County Appeal and then put the Limited Partnership-Debtor in bankruptcy to prevent exactly that from occurring. Furthermore, undersigned counsel conferred with Debtor's counsel on August 10, 2015, with regard to the filing of this Motion, and although he seeks abatement of the Henderson County Probate Court Lawsuit *in order for the Kaufman County appeal to proceed*, he is opposed to allowing relief from stay by this Court to allow the appeal to proceed. As such, bad faith could not be more clear.

17. The claims asserted by Wes and the Debtor are a sham and constitute a fraudulent attempt to manufacture federal jurisdiction. Wes has been claiming to be the Managing Member of the General Partner of the Debtor, and has accordingly been purporting to act on behalf of the Debtor.[6]

18. There is no rational explanation as to why Wes would sue the Debtor he claims to manage unless it is part of his scheme to manufacturer federal jurisdiction and forum shop. Section 10.3(e) of the Debtor's Agreement of Limited Partnership explicitly provides that it is the General Partner's duty to make all necessary payments and expenditures for the Debtor.[7] Accordingly, as the purported Managing Member of the General Partner of the Debtor, Wes, had the power to direct the Debtor to pay him any funds owed. Instead, Wes hired, or directed to be hired, **three separate law firms** to 1) intervene for the Debtor in the Henderson County Probate Court Lawsuit, 2) bring

---

[6] *See* Debtor's Voluntary Petition for Ch. 11 Bankruptcy signed by Wes.

claims on behalf of himself against the Debtor, and 3) file bankruptcy for the Debtor—all within a matter of three days. The only logical conclusion from these actions is that Wes is abusing these proceedings and brought his claim against the Debtor solely to manufacture jurisdiction as a core proceeding and remove the case from Henderson County.

19. For all of these reasons, cause exists to grant relief from stay to allow the pre-petition state court litigation to proceed in state court because the primary purpose of the bankruptcy is to disrupt the pending litigation in the Henderson County Probate Court Lawsuit and the Kaufman County appeal while at the same time opening an alternative forum for which Wes and the Debtor can pursue their claims, cross-claims, and counterclaims asserted therein. Therefore, there is no reasonable likelihood that the Debtor will be rehabilitated, and the parties in interest of the Debtor's estate will be benefited by granting this motion for relief from stay.

WHEREFORE, PREMISES CONSIDERED, for all of the foregoing reasons, Movants requests that the Court grant this motion for relief from stay to allow the pre-petition litigation to proceed, and grant to Movants such other and further relief to which Movants may be justly entitled.

---

[7] Movants incorporate by reference all exhibits filed with Movants' Motion to Dismiss [Doc. # 61]. *See* Exhibit A to Motion to Dismiss.

**Respectfully submitted,**

PADFIELD & STOUT, L.L.P.
421 W. Third Street, Suite 910
Fort Worth, Texas  76102
(817) 338-1616 phone
(817) 338-1610 fax


/s/ Alan B. Padfield
Alan B. Padfield
State Bar I.D. #00784712
abp@livepad.com
Mark W. Stout
State Bar I.D. #24008096
ms@livepad.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@livepad.com

*Attorneys for Movants*

## CERTIFICATE OF SERVICE

The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Wednesday, August 12, 2015; said e-mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:

| | |
|---|---|
| American Liberty Oil Company, LP<br>PO Box 1077<br>Kaufman, Texas 75142<br><br>*Debtor* | Hudson M. Jobe<br>Quilling, Selander, Lownds, et al.<br>2001 Bryan Street, Suite 1800<br>Dallas, Texas 75201<br>*Attorney for Debtor* |
| US Trustee<br>1100 Commerce Street<br>Room 976<br>Dallas, Texas 75242 | Legacy Land Bank, FLCA<br>Scott A. Ritcheson<br>821 ESE Loop 323, Suite 530<br>Tyler, Texas 75701 |
| Michael Morris<br>c/o Larry Chek<br>Palmer & Manuel, LLP<br>8350 N. Central Expressway, Suite 1111<br>Dallas, Texas 75206 | Travis County<br>c/o Kay D. Brock<br>PO Box 1748<br>Austin, Texas 78767 |

_____/s/ Alan B. Padfield_____